EL PUEBLO, DEMANDANTE Y APELADO, *v.* DÍAZ, ACUSADO Y APELANTE.

No. 2279.—*Visto:* Mayo 27, 1924. *Resuelto:* Julio 9, 1924.

DÍA DE LUTO—PROCLAMA DEL GOBERNADOR—DÍA HÁBIL PARA ELEGIR Y JURAMENTAR EL JURADO.—La elección y juramento de jurados en este caso no fué ilegal por el hecho de que se verificaran el 6 de febrero de 1924, día declarado de duelo mediante proclama del Gobernador con motivo de la muerte del ex-Presidente Wilson. Tal proclama no tiene mayor alcance que el de una recomendación.

PRUEBA CONTRADICTORIA—INSTRUCCIÓN SOBRE PRUEBA CONTRADICTORIA.—Habiendo instruído previamente la corte al jurado en el sentido de que tenía que dirimir las contradicciones de la prueba con arreglo a una conciencia honrada, imparcial y razonable, no puede concluirse que es errónea la siguiente instrucción: "Y en casos en que las declaraciones de los testigos sean contradictorias y el jurado no pueda armonizarlas, está dentro de sus facultades resolver cuáles declaraciones deben ser creídas y cuáles nó."

SENTENCIA de *Pablo Berga,* J. (Humacao), en causa por homicidio voluntario, condenando al acusado. *Confirmada.*

*F. Cervoni,* abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los cinco primeros motivos alegados por el apelante para que revoquemos la sentencia condenatoria dictada contra él en esta causa criminal descansan en el supuesto de que por haber sido declarado por el Gobernador de esta Isla el 6 de febrero de este año día de duelo por la muerte del ex-Presidente de los Estados Unidos Woodrow Wilson y haber ordenado el cierre de todos los departamentos y oficinas públicas y la cesación de todos los trabajos y negocios públicos en ese día, es ilegal la elección y juramento en dicho día de los jurados que habían de conocer de su causa, cuyo juicio fué suspendido en ese estado para el día siguiente.

El Código de Enjuiciamiento Criminal no contiene disposición alguna respecto a los días en que los tribunales no pueden actuar pero el Código de Enjuiciamiento Civil promulgado dos años después sí las contiene y se refiere expresamente a asuntos criminales, disponiendo en el artículo 10 (sec. 4994, Comp. 1910, p. 844) que las cortes pueden celebrar sesión y despachar los asuntos judiciales en cualquier día, exceptuándose lo dispuesto en el artículo siguiente en el cual se dice que no podrá actuar ninguna corte, ni despachar ningún asunto judicial los domingos, el primero de enero, el cuatro de julio, el día de Navidad, el de dar gracias y el día en que tenga lugar una elección general, a no ser para dar instrucciones a un jurado que estuviere deliberando, para recibir el veredicto de un jurado o para disolver a éste y para el ejercicio de los poderes de un magistrado en una causa o procedimiento criminal, y en asuntos civiles en los casos que dicho artículo 11 menciona; y no estando el día que se constituyó el jurado en esta causa comprendido en ninguno de los días que la ley declara inhábiles para actuar los tribunales no podemos declarar que la elección y juramento del jurado fué ilegal, a pesar de que el Gobernador de esta Isla proclamase dicho día de duelo en la forma que hemos consignado, pues si bien está facultado por el artículo

387 del Código Político para declarar días de fiesta tal facultad no alcanza a alterar los días fijados por la ley como inhábiles para actuar los tribunales y su proclama es solamente una recomendación, según dijo la Corte Suprema de los Estados Unidos en el caso de *Richardson et al.* v. *Goddard et al.*, 64 U.S. 43.   Véase también 29 C.J. 763.

El otro motivo del recurso es porque el apelante considera errónea cierta instrucción dada por la corte.   Esta dijo al jurado lo siguiente: ''Y en casos en que las declaraciones de los testigos sean contradictorias y el jurado no pueda armonizarlas, está dentro de sus facultades resolver cuáles declaraciones deben ser creídas y cuáles nó,'' alegando el apelante que induce al jurado a resolver el conflicto de la evidencia de la manera que le venga en ganas dentro de una facultad ilimitada y arbitraria, pero esto no es así porque esas palabras de la corte están relacionadas con otras precedentes en las que dijo al jurado que tenía que dirimir las contradicciones de la prueba con arreglo a una conciencia honrada, imparcial y razonable.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.