Los Menores Agustín, Juan y Josefa Martínez Luna, representados por su defensor judicial Filiberto Martínez Valencia, peticionarios y apelantes, *v.* Corte Municipal de Ponce, Sección Segunda, demandada y apelada; Juan Villafaña Herrera y Manuel García Reyes, interventores y apelados.

Núm. 8512.—*Sometido:* Noviembre 30, 1942. *Resuelto:* Enero 18, 1943.

*Leopoldo Tormes* y *Aurora Bermúdez,* abogados de los apelantes; *R. Hernández Matos,* abogado de los interventores apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 30 de junio de 1928 Julián Martínez suscribió ante notario y entregó a su hijo Quintín Martínez Camacho un documento reconociendo adeudar a éste la cantidad de $80, que debería ser pagada, conforme se consignó en dicho documento, a la muerte del deudor, por sus "herederos, causahabientes, albaceas o administradores". Dicha obligación fué cedida por Quintín Martínez Camacho a Manuel García Reyes y Juan Villafaña Herrera por documento de 7 de mayo de 1940 suscrito ante el notario Sergio León Lugo. Dueños de la citada obligación y habiendo fallecido Julián Martínez el 16 de julio de 1929, los citados Manuel García Reyes y Juan Villafaña Herrera presentaron una demanda en la Corte Municipal de Ponce, Sección Segunda, en cobro de dicha suma, contra los herederos de Julián Martínez, a saber: sus hijos Filiberto Martínez Valencia y Quintín Martínez Camacho, y sus nietos Agustín y Juan Martínez Luna, menores de edad, bajo la patria potestad de Leonor Luna. Por vía de aseguramiento de sentencia los demandantes solicitaron y obtuvieron el embargo de cierta finca urbana, consistente en un solar radicado en la ciudad de Ponce. Emplazados los demandados, interpusieron excepción previa de insuficiencia de hechos constitutivos

de causa de acción y desestimada la excepción, contestaron. Celebrado el juicio el 7 de diciembre de 1940, se dictó sentencia a favor de los demandantes por las sumas reclamadas. Apelaron los demandados para ante la Corte de Distrito, la que con fecha 2 de junio de 1941 dictó sentencia también a favor de los demandantes. Aunque la sentencia fué dictada contra todos los herederos de Julián Martínez y el embargo fué trabado sobre la totalidad del solar, al señalar bienes de los demandados para hacer efectiva la sentencia los demandantes solicitaron del márshal que en cumplimiento de la orden de ejecución sólo sacase a subasta "todo interés, título, participación, acción, condominio, propiedad y pertenencia de los demandados Filiberto Martínez Valencia y Quintín Martínez Camacho en el solar embargado." De conformidad con lo solicitado por los demandantes, el márshal, en el anuncio de subasta se limitó a ofrecer en venta el interés, etc., de los dos demandados antes mencionados y la señaló para el 15 de julio de 1941, a las dos de la tarde.

Así las cosas, el 24 de junio de 1941 los demandantes dirigieron un escrito al márshal, instruyéndole que dejara sin efecto el señalamiento de subasta que había anunciado para el 15 de julio de 1941, accediendo el márshal y consignando su actuación por escrito y bajo su firma el mismo día 24 de junio de 1941 al calce del escrito de los demandantes. La subasta se dejó sin efecto a fin de incluir en la sentencia el importe del memorándum de costas, que posteriormente fué aprobado el 12 de agosto de 1941. Solicitaron entonces los demandantes un mandamiento enmendado de ejecución de sentencia y expedido que fué, volvieron a solicitar del márshal que en ejecución de la sentencia sólo se sacase a subasta el interés de los mismos demandados en la finca embargada. De conformidad con lo solicitado por los demandantes, el 19 de septiembre de 1941 el márshal sacó a subasta y vendió el interés de dichos dos demandados en la finca embargada.

Mientras estos trámites se llevaban a efecto en el caso número 1309, Leonor Luna radicó en la misma Corte Municipal el 3 de julio de 1941, bajo el número de radicación 1862, una demanda reclamando el derecho de *homestead* que alegaban tener ella y sus menores hijos Agustín, Juan y Josefa Martínez Luna sobre una casa de madera, techada de zinc, construída en el solar en cuestión por su difunto esposo, padre de dichos menores, durante su matrimonio con la demandante.

Por vía de aseguramiento de sentencia, el 14 de julio de 1941 solicitó y obtuvo una orden decretando la suspensión de la subasta que en el caso 1309 de que se ha hecho mérito estaba anunciada para el 15 de julio de 1941. Conviene, sin embargo, aclarar que, como hemos dicho anteriormente, dicha subasta había sido suspendida desde el 24 de junio de 1941 a solicitud de los demandantes en el citado caso 1309 con el objeto de incluir en la sentencia el montante del memorándum de costas cuando fuese aprobado. Habiéndose anunciado nuevamente la subasta en el caso 1309 para el 19 de septiembre de 1941, la parte demandante en el caso 1862 solicitó como una ampliación de la orden de embargo anteriormente dictada, que se decretase la suspensión de la nueva subasta y la corte así lo ordenó el 18 de septiembre de 1941. Enterados de la orden suspendiendo la subasta, los demandantes en el citado caso 1309 presentaron una moción señalando el hecho de haberse decretado dicha suspensión sin notificación y sin tener ellos oportunidad de ser oídos, y especialmente la circunstancia adicional de que los derechos de Leonor Luna y sus tres menores hijos no podían ser afectados en forma alguna por la citada subasta. En vista de dicha moción, la corte, el mismo día 18 de septiembre de 1941, invocando el poder que le confiere el inciso 8 del artículo 7 del Código de Enjuiciamiento Civil para corregir sus órdenes y providencias a fin de ajustarlas a la ley y a la justicia, dejó sin efecto la citada orden de suspensión de subasta y ordenó:

". . . que por el Secretario de esta Corte se libre un mandamiento al márshal de la misma, para que continúe diligenciando el mandamiento enmendado de ejecución de sentencia que se le expidió en el caso núm. 1309 celebrando en el día de mañana, a las dos de la tarde la subasta anunciada para esa fecha y hora de todos los derechos, condominios, título, pertenencias y acciones que pudieran corresponderles a los aquí demandados Filiberto y Quintín Martínez, *quedando a salvo los derechos de Hogar Seguro o cualquier otro que pudiera corresponderle a la demandante en este caso Leonor Luna y a sus hijos Agustín, Juan y Josefina de apellidos Martínez y Luna.*" (Bastardillas nuestras.)

Con el fin de revisar la orden últimamente citada, radicaron en la corte inferior una petición de *certiorari* los menores Martínez Luna representados por su defensor *ad litem* por haber fallecido su madre Leonor Luna el mismo día en que radicó la demanda de homestead. Dicha corte expidió el auto, oyó a las partes y luego de hacer una extensa relación de los procedimientos habidos en uno y otro caso en la Corte Municipal, llegó a la conclusión de que la subasta del interés que en el solar en cuestión tenían los demandados Filiberto Martínez Valencia y Quintín Martínez Camacho es válida y no afectó en manera alguna el derecho de homestead que alegan los peticionarios, por lo que desestimó la petición de certiorari, con costas a los peticionarios.

Contra esa sentencia de la corte inferior se interpuso el presente recurso.

La mera exposición de los procedimientos tramitados en ambos casos en la Corte Municipal de Ponce basta para demostrar la improcedencia de esta apelación. Si los menores sólo reclaman un derecho de homestead sobre la casa que según ellos levantó su padre en el solar embargado; si los demandantes en el pleito sobre cobro de dinero no han solicitado ningún remedio que afecte los derechos alegados por los menores y por el contrario el solar fué vendido con la expresa condición de que el derecho de homestead no era afectado por la venta, ¿qué razón tienen los menores para oponerse a la subasta en tales condiciones?

A mayor abundamiento, aunque someramente, consideraremos las dos cuestiones suscitadas por los apelantes: (a) la de que la subasta es nula por haberse celebrado el 19 de septiembre de 1941 cuando a virtud de proclama del Gobernador del 13 del mismo mes y con motivo de la inauguración del Gobernador Rexford G. Tugwell, se ordenó que en dicho día 19 permanecieran cerradas las oficinas del Gobierno Insular y las escuelas públicas en toda la Isla, exceptuando aquellas oficinas que por la índole de los servicios que prestaban debían permanecer abiertas; (b) el no haberse notificado a los aquí peticionarios la moción de reconsideración que los demandantes en el caso de cobro de dinero presentaron al Juez Municipal de Ponce a fin de que dejase sin efecto su orden de 18 de septiembre de 1941 suspendiendo la subasta que se celebró el 19 del mismo mes.

En cuanto a la primera cuestión, bastará decir que el día 19 de septiembre de 1941 no era uno de los días especificados en el artículo 11 del Código de Enjuiciamiento Civil como inhábiles para actuar los tribunales y que la proclama del Gobernador sólo tuvo el efecto de una recomendación, por lo que no constituyó en inhábil para actuar los tribunales un día que no tenía ese carácter de acuerdo con la ley. *Pueblo* v. *Díaz,* 33 D.P.R. 493; *Márquez* v. *Junta Insular de Elecciones,* 41 D.P.R. 1, 9.

En cuanto a la segunda, diremos que una moción de reconsideración no necesita ser notificada a la parte contraria. Va dirigida a la sana discreción del tribunal y si éste queda plenamente convencido de que su orden o providencia es errónea, el inciso 8 del artículo 7 del Código de Enjuiciamiento Civil, invocado por el juez municipal, le faculta para dejarla sin efecto a fin de dictar la que corresponda de acuerdo con la ley.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*